**HALL et al. v. UNITED STATES.**

No. 11267.

Circuit Court of Appeals, Fifth Circuit.

July 11, 1945.

Rehearing Denied Aug. 14, 1945.

Writ of Certiorari Denied Nov. 5, 1945.

See 66 S.Ct. 140.

J. Frank Kemp and J. M. Johnson, both of Atlanta, Ga., for appellants.

J. Saxton Daniel, U. S. Atty., of Savannah, Ga., and Thomas R. Burnside, Asst. U. S. Atty., of Thomson, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

PER CURIAM.

The appellant Hall was convicted, along with several others, for a conspiracy beginning Jan. 1, 1942, to carry on unlawfully the business of distilling liquors, delivering materials to an unlawful distillery, and transporting the distilled spirits in unstamped containers, and other related crimes; also for possessing, about March 26, 1942, an unregistered distillery, set up in Burke County, Georgia; and a like distillery about May 24, 1942, set up in Jefferson County, Georgia. From a sentence of imprisonment he appeals.

■ 1. We find no reversible error in the rulings on evidence. What the other conspirators said during the continuance of the enterprise about Hall was for the most part not objected to, but in two instances there was objection, and the admission of it against Hall was ruled to be dependent on the satisfactory establishment otherwise that the conspiracy did include Hall. The evidence as to that made a case for the jury, and there is no objection made to the charge.

■ The examination by the judge of the witness Moore, who seems to have departed from a former sworn statement given to the officers, and the court's direction in the absence of the jury that Moore be taken into custody for perjury, is not error as respects Hall. Moore testified to nothing regarding Hall, but only regarding another defendant, Parks, and the suggestion that Moore be prosecuted was not made in the trial, or shown to have been known to the jury.

■ The chase of a liquor truck in Fulton County, testified to have been interfered with by an automobile supposedly driven by Hall, was not clearly connected with the distilleries or conspiracy described in the indictment; but because one of the men who frequently hauled liquors from these distilleries was in the truck, we cannot say the evidence was inadmissible.

■ 2. The judge did not err in refusing to direct a verdict of acquittal. There is direct evidence from the conspirator Pirkle, who lived near Augusta, that Parks, Gaddis and Davis, who lived in and beyond Atlanta over 175 miles away, came to Pirkle's home and arranged with him that

he find a still site and a place to store the sugar, and the liquor produced from it. Davis was to buy or dispose of the liquor made, Gaddis was to run the still and pay the owner of the site and the helpers, and Parks was to furnish the sugar. Gaddis was to get one-half, and Parks and Pirkle each one-fourth of the money. Pirkle says Hall was not in it. But Mrs. Pirkle testifies she heard the arrangement and that Parks and Hall were named as able to get sugar, Hall in Atlanta and Parks in Dahlonega, and that Gaddis was to get one-fourth of the money, Parks a fourth, Hall a fourth and her husband a fourth. A still was set up accordingly in Burke County on a rented site, and Pirkle rented a home larger and nearer by, where Mr. and Mrs. Gaddis also kept house. Several truck loads of sugar were brought there and taken thence to the still. The truck would bring liquor back and carry it towards Atlanta. Parks came once or twice. Hall, who was the cousin of Mrs. Gaddis, came once looking for Gaddis, who was not at the house. On Feb. 19, 1942, Hall was shown to have bought in Atlanta a truck load of sugar and paid for it, being "burnt sugar" not good for ordinary use, which was taken away by an unidentified truck. He bought of another Atlanta dealer other truck loads of sugar in company with Roberts and Perry, who were shown to be regular haulers to and from the distilleries. Roberts and Perry were seen with trucks in and around a filling station in Atlanta where Hall had a telephone in his own name, by which Parks also could be reached. On March 9th, 1942, Roberts was stopped and arrested with a load of sugar at Gainesville, below Dahlonega, and there was evidence that Hall was telephoned to at Atlanta and got Roberts released. Late that night Hall came in his car from towards Atlanta, and stopped at Thomson, 36 miles west of Augusta, then went on towards Augusta. The following day Roberts came through Thomson with the truck, and the next day coming back from toward Augusta the truck was seized at Thomson with 811 gallons of whisky. On March 26th the still operated by Gaddis and others in Burke County was found and destroyed. Soon afterwards the business was resumed under the same arrangement at a site rented in the adjoining county of Jefferson. Another truck was bought at Milledgeville by Perry, using a false name and address, Hall being present at the purchase. This truck was "hijacked" when hauling the first liquor from the new still, was found abandoned on the road by the State patrol and sold, since under the false name and address the owner could not be found. Perry, however, learned of the purchaser, and he and Hall went 135 miles from Atlanta to Glenville and redeemed the car, Perry still using the false name. Hall's brother testified that he went with Perry on both occasions, but the jury could prefer the evidence of others that it was Hall himself. This truck was soon after caught in Jefferson County with a load of liquor from the second still, and was backtracked to the still, and the still destroyed. Hall did not testify.

While the evidence connecting Hall with the enterprise is not conclusive, the circumstances involving him were wholly unexplained. We think the jury, without considering his failure to testify as a circumstance against him, could conclude that he was a participant.

Judgment affirmed.